UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH LEIGH SHANNON,<br><br>Petitioner,<br><br>v.<br><br>LOUIS MILUSNIC,<br><br>Respondent. | NO. CV 12-10131-SVW (AGR)<br><br>**ORDER RE DISMISSAL** |

On November 28, 2012, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody challenging a prison disciplinary hearing and the resulting sanctions. (Petition at 3-4E.) Petitioner also requested that the incident report that triggered the hearing be expunged. (*Id.* at 4D.)

On March 29, 2013, Respondent filed a motion to dismiss based on mootness. (Motion to Dismiss at 1.) Respondent states that after a "careful review," the Bureau of Prisons expunged the incident report, the discipline hearing, and the sanctions, including restoring Petitioner's good conduct credit. (*Id.*)

Mootness is jurisdictional. *See Koppers Indus. v. U.S.E.P.A.*, 902 F.2d 756, 758 (9th Cir. 1990). The fundamental issue in deciding mootness is whether

there is a current controversy to which effective relief can be granted. *American Rivers v. National Marine Fishery Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997) ("If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed."). "This means that, throughout the litigation, the Plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998) (citation and quotation marks omitted).

In the context of whether a habeas petition is moot, the "analysis is specifically limited to the sort of equitable relief we may grant in response to a habeas petition." *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005). A habeas petition is moot when the petitioner "seeks relief [that] cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus." *Id.* at 1000-01 (citation, quotation marks, and ellipses omitted).

On April 19, 2013, Plaintiff filed a reply to the motion to dismiss in which he "concur[red] with Respondent that this action is now moot. Consequently, he requests that Respondent[']s motion to dismiss is granted."

IT IS HEREBY ORDERED that the motion to dismiss (Dkt. No. 10) is GRANTED and that the petition is DENIED as moot.

DATED: 6/4/13

STEPHEN V. WILSON
United States District Judge

Presented by:

ALICIA G. ROSENBERG
United States Magistrate Judge